USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                 :

JOSEPH FERNICOLA, *Derivatively on Behalf of*    :
*MONGODB, INC.,*                               :

                                 :                  1:26-cv-4918-GHW
                   Plaintiff,    :
           -v-                      :                    ORDER

                                 :
DEV ITTYCHERIA, *et al.,*                     :

                                 :
               Defendants.   :

                                 :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On June 17, 2026, Plaintiff filed a motion to seal requesting to seal certain portions of the complaint which, Plaintiff asserts, were produced by MongoDB pursuant a "books and records demand" under 8 Del. C. § 220.  Dkt. No. 5 ("Mot.") at 1.  Because Plaintiff's counsel failed to comply with Rule 13(b)(1) of the Rule for the Division of Business and failed for almost two weeks to respond to a note posted by the Clerk's Office flagging the deficiency, the case was not assigned to the Court until June 29, 2026.

In its sealing motion, Plaintiff asserts that "as a condition on Plaintiff receiving the Company's confidential books and records, the Parties entered into a confidentiality agreement" under which Plaintiff agreed that should he initiate a lawsuit using any "Confidential Information," 'he shall take all steps required under applicable law to ensure confidential treatment for any Confidential Material incorporation in [the] complaint and in any other filing in the lawsuit.'" Mot. at 1.  Plaintiff contends that sealing is justified notwithstanding the presumption of public access because publication of the information "would give away valuable information regarding MongoDB, its directors, and MongoDB's internal business practices." *Id.* at 2.  Plaintiff asserts that the "range of information about the Company and its officers and directors, including the Company's internal deliberations and decision-making process, which, if divulged to the public,

would: (i) give the Company's competitors a valuable insight into the Company's practices; (ii) expose the Company's finances, prospects, and business; and (iii) could harm the Company's standing in the marketplace." *Id.* Plaintiff asserts that the resulting harm from disclosure of the redacted information "would be substantial and irreparable." *Id.*

These unsworn, conclusory assertions by counsel are not sufficient to meet the burden required to overcome the presumption of public access to the redacted information in the complaint. Because the information sought to be sealed is contained in the complaint, the First Amendment presumption of public access applies. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). "If the First Amendment right attaches, a court record may still be sealed if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (quotation marks omitted)).

The Court has reviewed the submissions by Plaintiff and does not believe that the conclusory assertions by Plaintiff regarding the purported impact of the disclosures on the defendant are sufficient to justify the request to seal the information. At the outset, the assertions by Plaintiff's counsel are categorical and imprecise. The Court has reviewed the submissions and cannot conclude on the basis of Plaintiff's categorical assertions that disclosure of each and every one of the facts proposed to be filed under seal would result in "substantial and irreparable harm" to the corporate defendant. Second, the assertion by counsel for Plaintiff is not sworn. Given the broad sweep of the sealing request, the Court requires more than a categorical assertion by counsel regarding the anticipated impact of disclosure of the information sought to be sealed. Third, the Court disagrees with counsel's argument that the Court can conclude that the sealing request is "narrowly tailored" on its face. Mot. at 3. The proposed redactions include large segments of the

complaint that describe the purported basis for Plaintiff's claims. The Court cannot conclude on the basis of this record that each and every fact in the redacted components of Plaintiff's complaint must be protected from public disclosure.

Therefore, the application is denied without prejudice to renewal. In order to permit the Court to evaluate whether the request is in fact justified by higher values and is narrowly tailored, the Court requests that in any renewed request Plaintiff provide one or more affidavits explaining in more detail why each fact sought to be sealed will result in the harm described in counsel's letter. To the extent that Plaintiff cannot justify the redaction of any fact on that basis, the Court expects that Plaintiff will take steps to propose redactions that are narrowly tailored. Plaintiff is reminded that, in general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, in itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

In filing any renewed application, Plaintiff is directed to review and comply with the Court's Individual Rules of Practice in Civil Cases, and in particular, Rule 4(A).

Accordingly, Plaintiff's motion to seal is DENIED without prejudice. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 5.

SO ORDERED.

Dated: June 30, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3